```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
RONNIE MAZIER,

                  Petitioner,
                                         MEMORANDUM AND ORDER
        - against -
                                         11 Civ. 3469 (NRB)
UNITED STATES OF AMERICA,                06 Crim. 80 (NRB)

                  Respondent.
----------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

### I. Introduction

Ronnie Mazier ("petitioner" or "Mazier") brings this pro se petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner challenges a sentence imposed by this Court on July 17, 2008, after a jury found him guilty of conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841 and 846. The jury found petitioner not guilty of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924. This Court sentenced petitioner to a prison term of ten years, the mandatory minimum sentence under 21 U.S.C. §§ 841(b)(1)(A) and 846.

Petitioner asserts what we generously interpret as five grounds for habeas relief: (1) Petitioner was denied his Sixth Amendment right to effective assistance of counsel because his

trial counsel failed to object to the total amount of marijuana allocated to him; (2) petitioner was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel failed to request a trial severance and petitioner was prejudiced by having a joint trial with his co-defendants; (3) the sentence imposed was improper because this Court (a) wrongly considered sentence enhancement factors for the charge on which petitioner was acquitted and (b) failed to apply necessary reduction factors; (4) petitioner was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel failed to request and secure a more desirable prison facility for petitioner; and (5) the evidence presented against petitioner is insufficient to uphold his conviction.

For the reasons stated below, the petition is denied.

## II. Background

### A. Petitioner's Underlying Criminal Conduct

A group of persons involved in the large-scale distribution of marijuana, known as the "John Shop Crew," operated out of the Bronx.  Pet'r's Mem. of Law in Supp. of Mot. to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, at 4 [hereinafter Pet'r's Mot.].  From in or about 1997 until in or about 2004, the John Shop Crew transported large quantities of marijuana from California to New York, where the shipments were repackaged and stored in numerous stash houses around New York

in preparation for retail.  Gov't's Response to Pet'r's Mot. to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, at 1-2 [hereinafter Gov't's Opp'n].  The stash houses, including the 2748 Cruger Avenue residence that served as the John Shop Crew headquarters, were secured by firearms kept on the premises.  Pet'r's Mot. 4-5.

The Cruger Avenue building also housed a music-recording studio, John Shop Records, which petitioner alleges was separate from the marijuana business.  Id. at 5.  Petitioner asserts that, although "[t]here is no doubt that [he] spent time around the house and studio no Cruger Avenue," he was not involved in the marijuana distribution conspiracy, but rather was merely "participat[ing] in Cruger Avenue's vibrant and active music and partying scene."  Id. at 5-6.

According to cooperating witness testimony, petitioner was seen in the vicinity of the Cruger Avenue house delivering marijuana to and receiving payment from customers.  Tr. 1013:11-12, 1209:21-1210:20, 1569:25-1570:12.[1]  Petitioner further participated in the conspiracy by delivering purchase money to California.  Tr. 314:3-7.  There was also testimony that petitioner stored and had access to firearms kept at 2748 Cruger Avenue.  Tr. 762:14-19.

---

[1] Citations to "Tr." refer to the transcript of petitioner's trial.

3

### B. Petitioner's Conviction and Sentencing

On February 13, 2008, petitioner, along with five co-defendants, proceeded to a jury trial before this Court. Tr. 8:16-18. Prior to trial, petitioner had expressed dissatisfaction with his first attorney, Mr. Jerry Tritz, who had been appointed pursuant to the Criminal Justice Act. Letter from Pet'r to the Court (Nov. 16, 2006). Mr. Tritz subsequently withdrew as counsel for unrelated reasons. Letter from Jerry Tritz to the Court (Jan. 18, 2007). Petitioner was represented at trial by his second attorney, Mr. Howard Jacobs.

On March 4, 2008, petitioner was convicted by the jury of conspiring to distribute and to possess with intent to distribute 1,000 kilograms or more of marijuana. Tr. 2677:19-24. Petitioner was acquitted of possessing firearms in furtherance of the conspiracy. Tr. at 2679: 7-9.

On July 17, 2008, the Court sentenced petitioner to ten years in custody -- the statutory mandatory minimum and a term of imprisonment significantly below the Guidelines range of 324 to 425 months. Sent'g Tr. 6:1-4. On petitioner's request, the Court recommended that he be housed at the prison facility at Fort Dix, New Jersey, to facilitate visits by his wife and child. Sent'g Tr. 7:6-9; see also Judgment in a Criminal Case at 2.

4

### C. Post-Conviction Proceedings

Petitioner appealed his conviction, on two grounds. First, petitioner argued that insufficient evidence was presented at trial to sustain his conviction. He asserted that the cooperating witness testimony was "vague, general, and unreliable." Br. of Appellant Mazier at 11, United States v. Barris, 377 F. App'x 93 (2d Cir. 2010) (Nos. 08-4247-cr(L), 08-4251-cr(CON), 08-4252-cr(CON), 08-5954-cr(CON)), 2009 WL 7166859. Additionally, he argued that a reasonable jury could not have found him guilty on the conspiracy charge but not on the firearm possession charge. Id. at 10-11. According to petitioner, because the same witness testimony was used to support each of the two charges, the testimony could not have justified a conviction on one charge but not the other. Id. Second, petitioner argued that he was entitled to a retrial because of possible jury tainting and this Court's failure to grant a hearing on the issue. Id. at 16.

The Second Circuit rejected both of petitioner's claims. As to petitioner's insufficient evidence claim, the Circuit found that there was "ample evidence to support [petitioner's] conviction[]." Barris, 377 F. App'x at 95. As to petitioner's jury misconduct claim, the Circuit found that this Court did not

abuse its discretion in declining to hold a hearing on the issue and that a mistrial was not warranted. See id. at 96.

Petitioner now challenges his conviction and sentence pursuant to 28 U.S.C. § 2255.

### III. Discussion

A district court must liberally construe the claims put forth in a pro se habeas petition. See Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008) ("[Petitioner] was acting pro se both before the district court and on this appeal, and accordingly we must read his submissions broadly so as to determine whether they raise any colorable legal claims."); Cortez v. United States, Nos. 09 Civ. 7220 (DAB), 05 CR 55 (DAB), 2011 WL 666245, at *3 (S.D.N.Y. Feb. 10, 2011) ("As [p]etitioner is pro se, his petition will be construed liberally."). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). Pro se motions are therefore "interpret[ed] . . . to raise the strongest arguments that they suggest." Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)) (internal quotation mark omitted). However, a habeas petitioner still "bears the burden to prove his allegations by a

6

preponderance of the evidence." Gotti v. United States, 622 F. Supp. 2d 87, 91 (S.D.N.Y. 2009) (citing Whitaker v. Meachum, 123 F.3d 714, 716 (2d Cir. 1997)).

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, establishes a one-year period of limitation for motions filed pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The one-year period begins to run from "the date on which the judgment of conviction becomes final." Id. § 2255(f)(1). If a conviction is appealed, it becomes final when "the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (quoting Clay v. United States, 537 U.S. 522, 527 (2003)). This Court entered judgment on petitioner's conviction on August 25, 2008. The Second Circuit affirmed petitioner's conviction and sentence by summary order on May 17, 2010. Petitioner had ninety days to seek certiorari. See S. Ct. R. 13.1. He did not do so, thus the judgment became final on August 16, 2010. See S. Ct. R. 13.1, 30.1. The present habeas petition was filed by petitioner on May 10, 2011, less than one year after his conviction became final. Thus, the petition is timely.

### B. Analysis

A prisoner in federal custody may file a motion for a writ of habeas corpus on any the following grounds: "[1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack."  28 U.S.C. § 2255(a). Collateral attack is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)) (internal quotation mark omitted).

Here, petitioner bases his motion for a writ of habeas corpus on several grounds that overlap in their underlying claims.  Therefore, these claims are grouped for the purpose of the following analysis.

### 1. Ineffective Assistance of Counsel

A claim for ineffective assistance of counsel is analyzed under the two-part standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Under Strickland, petitioner must demonstrate (1) that counsel's performance was deficient in

8

that it "fell below an objective standard of reasonableness," id. at 687-88, and (2) that the deficient performance resulted in prejudice to petitioner such that he was denied a fair trial, id. at 691-92.

First, to demonstrate deficient performance, petitioner must "identif[y] acts or omissions [by counsel that] were outside the wide range of professionally competent assistance." Id. at 690.  When a court evaluates an ineffective assistance claim, its "scrutiny of counsel's performance must be highly deferential," and it "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  Further, the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id.

Where an ineffective assistance claim is based on counsel's failure to raise a specific argument, the claim must be rejected if that argument would have been meritless.  See United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999), abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393 (2003).  Counsel is not required to make every argument

regardless of its merit and may rely on his professional judgment.  See id.

Second, to demonstrate prejudice, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.  Therefore, "[e]ven serious errors by counsel do not warrant granting habeas relief where the conviction is supported by overwhelming evidence of guilt."  Lindstadt v. Keane, 239 F.3d 191, 204 (2d Cir. 2001).

Petitioner's first, second, and fourth claims each assert ineffective assistance of counsel.  In his first claim, petitioner asserts that counsel was ineffective by failing to object to or properly argue the amount of drugs attributed to him.  In his second claim, petitioner argues that counsel was ineffective in that counsel failed to sever petitioner's trial from that of his co-defendants. In his fourth claim, finally, petitioner states that his counsel was ineffective by failing to secure his placement in a more desirable prison facility.  We analyze each of these arguments in turn.

### a. Counsel's Failure to Object to the Amount of Drugs Attributed to Petitioner

Petitioner argues that his trial counsel was ineffective because he "failed to object or properly argue or challenge the amount of drugs attributed to [petitioner]." Pet'r's Mot. 15. Petitioner asserts that he should have been held responsible for only the quantity of drugs that he personally handled and not the total amount attributed to all conspirators. Id. at 13-16.

Petitioner's argument fails on both prongs of the Strickland test. First, counsel's performance was not deficient. "Failure to make a meritless argument does not amount to ineffective assistance." Arena, 180 F.3d at 396. Here, any objection by petitioner's counsel to the amount of drugs attributed to petitioner would have been meritless. In the context of a drug conspiracy, a participant is responsible for all reasonably foreseeable quantities of drugs within the conspiracy, regardless of the amount the participant personally handled. See United States v. Jackson, 335 F.3d 170, 183 (2d Cir. 2003) ("Under fundamental conspiracy law [the defendant] is responsible for any amount of [drugs] that his co-conspirators agreed to import so long as these amounts were within the scope of the conspiracy and reasonably foreseeable by him."). Here, there was ample evidence for the jury to conclude that petitioner knowingly participated in the conspiracy, that the

11

conspiracy distributed 1000 kilograms or more of marijuana, and that this amount was reasonably foreseeable to petitioner.[2]

Second, and relatedly, even if counsel somehow performed deficiently, petitioner could not have suffered prejudice. Petitioner has not shown that he should have been held responsible for less than 1000 kilograms of marijuana, and, indeed, the evidence presented at trial established that he was properly held accountable for at least this quantity. Moreover, petitioner's conviction was affirmed on appeal. As discussed above, a quantity of 1000 kilograms of marijuana was sufficient to trigger the mandatory minimum sentence of ten years that petitioner received. See 21 U.S.C. § 841(b)(1)(A).

### b. Counsel's Failure to Move to Sever Petitioner's Trial from that of His Co-Defendants

Petitioner asserts that his trial counsel rendered ineffective assistance by failing to move to sever his trial from that of his co-defendants. Pet'r's Mot. 17-20. According to petitioner, his defense was compromised by prejudicial spillover of evidence and testimony admitted at trial that was not relevant to his involvement.

---

[2] To the extent that petitioner argues that his counsel performed deficiently by failing to object to quantities of marijuana attributed to him in excess of 1000 kilograms, we need not consider whether counsel performed deficiently because, as discussed below, such a failure by counsel could not have affected the sentence petitioner received and thus petitioner could not have suffered prejudice.

Petitioner's argument is not convincing.  First, he fails to demonstrate deficient performance.  Joinder of multiple defendants in a single indictment is appropriate when the defendants' criminal acts are "unified by some substantial identity of facts or participants, or arise out of a common plan or scheme."  United States v. Mason, No. S1 06 CR 80 (NRB), 2007 WL 541653, at *6 (S.D.N.Y. Feb. 16, 2007) (quoting United States v. Cervone, 907 F.2d 332, 341 (2d Cir. 1990)) (internal quotation marks omitted).  A motion to sever should be granted only when there is a "serious risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Id. at *7 (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)).  Moreover, "differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials."  Id. (quoting United States v. Scarpa, 913 F.2d 993, 1015 (2d Cir. 1990)) (internal quotation marks omitted); see also id. ("[J]oint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." (quoting United States v. Locascio, 6 F.3d 924, 947 (2d Cir. 1993)) (internal quotation mark omitted)).

13

Applying these standards here, it is clear that a motion to sever by petitioner's counsel would have been meritless.  As in all conspiracy cases, evidence of the activities of petitioner's co-defendants was relevant to establish the scope of the conspiracy for which petitioner was charged.  Indeed, had petitioner been tried separately, much of the evidence involving his co-conspirators but not him personally would nonetheless have been admitted.  Moreover, the fact that certain of petitioner's co-defendants might have been more culpable than he does not justify severance.  Finally, we note that, although petitioner's counsel did not move for severance, one of his co-defendants did, and we denied that motion.  See id.  Therefore, a motion for severance would have been futile, and counsel did not perform deficiently by failing to make such a motion.

Second, petitioner fails to demonstrate prejudice.  As discussed above, had petitioner's counsel made a motion to sever petitioner's trial, the Court would probably have denied it.  Moreover, even if the Court would have granted a severance motion, much of the same evidence would have been admissible in a trial against petitioner alone.  As such, even if counsel performed deficiently, petitioner's defense was not prejudiced.

14

### c. Counsel's Failure to Request Better Prison Facilities

Petitioner claims that his counsel was ineffective for failing to secure his placement in a more desirable prison. Pet'r's Mot. 22-24.  Again, however, petitioner has demonstrated neither deficient performance nor prejudice.

First, petitioner fails to show that counsel's performance was deficient.  Petitioner's counsel did, in fact, request that the Court recommend a preferred prison facility, and that request was granted.  Sent'g Tr. 7:6-9; Judgment in a Criminal Case at 2 ("The court makes the following recommendations to the Bureau of Prisons: The defendant should be housed at the federal correctional facility in Fort Dix, New Jersey.")).  Because counsel did exactly what petitioner is now claiming he should have done, petitioner cannot demonstrate deficient performance.[3]

Second, petitioner cannot demonstrate prejudice.  The decision regarding inmate placement lies with the Bureau of Prisons, not with the Court.  See 18 U.S.C. § 3621.  Although the Court may recommend a specific placement to the Bureau of Prisons, the actual placement is committed to the Bureau's discretion.  See id.  "The Court's recommendation is just that,

---

[3] To the extent that petitioner objects to conditions of his imprisonment that are based on his lack of United States citizenship, see Pet'r's Mot. 23-24, there was obviously no argument his counsel could have advanced, nor Order this Court was authorized to issue, that would have improved petitioner's position.

a recommendation." <u>Bowker v. United States</u>, Nos. 4:01CR441, 4:12CV612, 2012 WL 1552516, at *2 (N.D. Ohio Apr. 30, 2012); <u>see also</u> <u>United States v. Alcantar</u>, Nos. CV 10-7765 CAS, CV 10-8073 CAS, (CR 09-306 CAS), 2011 WL 2448247, at *3 (C.D. Cal. June 17, 2011). As this Court did not have the authority to designate the facility in which petitioner would be housed, his assertion that his counsel failed to request his preferred prison facility, even if true, cannot sustain a claim for ineffective assistance.

## 2. Improper Application of the Sentencing Guidelines

Petitioner objects to the Court's calculation of his Guidelines range. Pet'r's Mot. 12, 19-20. As discussed above, however, the Court sentenced petitioner to the mandatory minimum term of imprisonment, and the Guidelines played no role in the sentence petitioner received.

Petitioner further argues that he qualified for the statutory safety-valve, which would have allowed the Court to sentence him "without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f); <u>see also</u> Pet'r's Mot. 19-20. However, in order to qualify for the safety-valve, a defendant must satisfy a number of criteria, one of which is that he has no more than one criminal history point. 18 U.S.C. § 3553(f)(1). Petitioner

16

had two criminal history points.  Therefore, he was ineligible for the safety-valve.

### 3. Insufficiency of the Evidence

Petitioner asserts that there was insufficient evidence presented at trial to support his conviction. Pet'r's Mot. 6, 10-11. However, "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)) (internal quotation marks omitted). Here, this claim was previously raised on direct appeal, and the Second Circuit noted that there was "ample evidence to support [petitioner's] conviction[]." United States v. Barris, 377 F. App'x 93, 95 (2d Cir. 2010). Petitioner's claim is therefore barred.

### 4. Request for Hearing

Petitioner requests a hearing on the issues raised in his habeas petition. Pet'r's Mot. 3, 20-21. However, a hearing is unnecessary. Section 2255 "requires the district court to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001) (quoting 28 U.S.C. § 2255(b)). The district court must exercise its discretion to determine whether, in light of the

17

record, a hearing would "offer any reasonable chance of altering its view of the facts." Id. at 86.

Here, the record conclusively shows that petitioner is not entitled to relief. There is no reasonable chance that a hearing would alter our view of the facts. Therefore, petitioner's request for a hearing is denied.

## IV. Conclusion

For the reasons stated above, petitioner's habeas petition is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c). Pursuant to 28 U.S.C. § 1915(a)(3), it is hereby certified that any appeal from this Memorandum and Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:   New York, New York
         August 8, 2013

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

<u>Petitioner</u>:
Ronnie Mazier
No. 52097-054
MVCC Unit A-5
555 I Geo Drive
Philipsburg, PA 16866


<u>Attorneys for the Government</u>:
Julian J. Moore, Esq.
John T. Zach, Esq.
U.S. Attorney's Office
One Saint Andrew's Plaza
New York, NY 10007